Townley, J.
Plaintiff brought this action to foreclose a mortgage, the payment of defaults on which had been guaranteed by the defendants’ predecessors. We agree with the construction put upon the contract of guaranty by the trial court and on the defendants’ appeal, the judgment should be affirmed.
We hold that though the final agreement was limited in the length of time during which a foreclosure' action might be brought, this provision was waived by the defendants by their conduct in taking over the property and paying the interest until the period during which they might be sued had expired. Defendants took advantage of the moratorium law and prevented suit in time. They are estopped by their conduct to claim that the plaintiff has lost the benefit of their guaranty.
It should also be said that section 1077-b of the Civil Practice Act provides that no guarantor of a mortgagor’s liability shall be discharged by reason of the failure of the holder to demand payment of any such liability or to bring any action to enforce such liability during the declared emergency.
The plaintiff appeals on the ground that the judgment should be for the full amount of the deficiency without any allowance for the value of the property. The setoff of the value of the property, however, is proper under the decision of the Court of Appeals in City Bank Farmers Trust Co. v. Ardlea Corp. (267 N. Y. 224). There, the court said that if the appropriate sections of the Moratorium Law are read together, the language “indicates an intent on the part of the Legislature to extend the beneficial provisions of these sections not only to the original makers of mortgages, bonds and guarantors thereof, but also to any guaranty of such mortgages and bonds, even though executed and delivered subsequent to the execution and delivery of an original bond and mortgage.”
When the referee calculated the deficiency, he allowed as a deduction from the total indebtedness, not only the $7,500 which he found to be the value of the property but also the *264 $1,000 which was the amount bid for the property at the auction. This allowance of $1,000 was improper. Section 1083-a of the Civil Practice Act provides that a deficiency judgment “shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee’s fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.” Accordingly the deduction should have been limited to $7,500.
The judgment should be modified by increasing the judgment from $11,073.54 to $12,073.54 together with interest from the 4th day of September, 1942, and as so modified affirmed, with costs to the plaintiff. The orders appealed from should be affirmed.
Martin P. J., Glennon, Callahan and Peck, JJ., concur.
Judgment unanimously modified by increasing the judgment from $11,073.54 to $12,073.54 together with interest from the 4th day of September, 1942, and as so modified affirmed, with costs to the plaintiff. Orders appealed. from unanimously affirmed. Settle order on notice.